United States District Court
Southern District of Texas
**ENTERED**
September 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN MANUEL SANCHEZ, TDCJ #1942704, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-0590 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Juan Manuel Sanchez (TDCJ #1942704) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition")(Docket Entry No. 1), challenging the administration of his sentence by the Texas Board of Pardons and Paroles. In particular, Sanchez argues that officials wrongfully denied him release on the form of parole known as mandatory supervision. The respondent has filed a "Motion for Summary Judgment with Brief in Support" (Docket Entry No. 9). Sanchez has filed an "Opposition to Respondent's Motion for Summary Judgment with Brief in Support" (Docket Entry No. 11) and a "[Motion for an] Order to Show Cause," seeking his immediate release (Docket Entry No. 14). Sanchez has

also filed a "Change of Address" notice (Docket Entry No. 13), advising the court that he has been released from prison. After considering all of the pleadings and the applicable law, the pending motions will be denied and this case will be dismissed as moot for the reasons explained below.

## I. <u>Background</u>

At the time the Petition was filed, Sanchez was in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") as the result of a conviction from the 226th District Court for Bexar County, Texas, in cause number 2013CR7213.[1] Sanchez was convicted of felony driving while intoxicated ("DWI") in that case and sentenced to three years' imprisonment on July 14, 2014.[2] Sanchez does not challenge the validity of his conviction here.

In the pending Petition, which was executed on March 3, 2016, Sanchez challenges the administration of his sentence by the Texas Board of Pardons and Paroles regarding his eligibility for early release from prison on mandatory supervision.[3] Sanchez contends that he has been wrongfully denied release on mandatory supervision in violation of the Ex Post Facto Clause, the Due Process Clause,

---

[1]Petition, Docket Entry No. 1, pp. 1-2, 10.

[2]Judgment of Conviction by Court – Waiver of Jury Trial, Docket Entry No. 10-3, p. 62.

[3]Petition, Docket Entry No. 1, pp. 6-7, 10.

the Equal Protection Clause, and the Separation of Powers Doctrine.[4] The Texas Court of Criminal Appeals denied relief on these claims without a written order.[5] In August 2016, Sanchez was released from custody.[6]

## II. Discussion

Sanchez's release from custody requires the court to examine whether it has jurisdiction over the subject matter of this action. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The United States Supreme Court has explained that a habeas petition becomes moot and must be dismissed if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." Spencer v. Kemna, 118 S. Ct. 978, 983 (1998). Under the case-or-controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" Id. (quoting Lewis v. Continental Bank Corp., 110 S. Ct. 1249, 1253-54 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer, 118 S. Ct.

---

[4]Id. at 6-7.

[5]Action Taken on Writ No. 84,472-02, Docket Entry No. 11, p. 9.

[6]Change of Address, Docket Entry No. 13, p. 1.

at 983 (quoting Lewis, 110 S. Ct. at 1253).

A habeas petitioner's challenge to the validity of a conviction satisfies the Article III case-or-controversy requirement because the incarceration, or the restrictions imposed by the terms of parole, constitute a concrete injury caused by the conviction and redressable by invalidation of the conviction. See Spencer, 118 S. Ct. at 983. By contrast, where a petitioner challenges only the administration of his sentence, and not his conviction, there is no presumption that collateral consequences exist for the purpose of creating an actionable case or controversy once he has been released. See id. at 986 (citing Lane v. Williams, 102 S. Ct. 1322, 1328-29 (1982)).

As noted above, Sanchez does not challenge the validity of his underlying conviction in this case. Rather, he complains only that prison officials have erred in the administration of his sentence with regard to his eligibility for early release on parole or mandatory supervision. Because Sanchez has been released on parole, there is no longer anything for this court to remedy. In other words, he cannot show that an actionable controversy continues in this case. Absent a case or controversy, this court no longer has jurisdiction to consider Sanchez's claims. Therefore, his petition must be dismissed as moot.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a

district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of

reason would not debate whether the petitioner's release has rendered his petition moot. See <u>Spenser v. Kemna</u>, 118 S. Ct. 978 (1998). Therefore, a certificate of appealability will not issue.

### IV.   Conclusion and Order

Accordingly, based on the foregoing, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Juan Manuel Sanchez (Docket Entry No. 1) is **DISMISSED** for lack of jurisdiction as moot.

2. The respondent's Motion for Summary Judgment (Docket Entry No. 9) and the petitioner's Motion for an Order to Show Cause (Docket Entry No. 14) are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 1st day of Sept, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE